# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:17-cr-057
                                  Also 1:19-cv-830

                                  District Judge Susan J. Dlott
- vs -                           Magistrate Judge Michael R. Merz

ERIC ZYN HO,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court Defendant Eric Zyn Ho's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 91). On the Court's Order (ECF No. 93), the United States has filed an Answer (ECF No. 100).

In the Order for Answer, the Court provided that the Defendant would have twenty-one days from the date the Answer was served to file a reply or traverse. Because the Certificate of Service on the Answer was defective, the Court ordered the United States to re-serve the Answer and provided that Defendant's reply would be due twenty-one days after the re-service (ECF No. 102). The Assistant United States Attorney advised the Court that there were discrepancies between Defendant's address as recorded on the docket and his address according to Bureau of Prisons records (ECF No. 103). He then caused service to be made to both addresses on January

1

8, 2020. By terms of the Court's prior Order, then, Defendant's reply was due January 29, 2020 (ECF No. 102). Apparently on that day Defendant spoke with a deputy clerk and advised that he had deposited a request for extension of time in the prison mail system on January 21, 2020, but no such request has been received by the Court, nor has Defendant filed a reply. Defendant's Motion to Vacate is therefore ripe for decision without a reply by him.

**Litigation History**

On May 19, 2017, Defendant Ho was indicted by the grand jury for this District on one count of conspiracy to sex traffic children in violation of 18 U.S.C. §§ 1591(a)(l) and 1594(c) and one count of conspiracy to produce child pornography in violation of 18 U.S.C. § 225l(a) and (e)(Indictment, ECF No. 18). On December 16, 2017, he entered into a Plea Agreement with the United States in which he agreed to plead guilty to both counts of the Indictment (ECF No. 48). The parties agreed to a sentence of 360 months for each count to be served concurrently. *Id.* at PageID 193. Defendant waived any right to appeal except for ineffective assistance of trial counsel or prosecutorial misconduct. *Id.* at PageID 196. On June 12, 2018, after reviewing a presentence investigation report, Judge Dlott imposed the agreed sentence (ECF No. 71).

On October 29, 2018, Defendant filed a Notice of Appeal *pro se* (ECF No. 81), but the Sixth Circuit dismissed the appeal as untimely (ECF No. 85). Ho filed the instant Motion to Vacate on September 23, 2019[1], pleading the following single ground for relief:

---

[1] Although the Motion was not docketed until September 30, 2019, Ho represented to the Court that he deposited it in the prison mail system on September 23, 2019 (ECF No. 91, PageID 351). The Motion is deemed filed as of the date of deposit. An incarcerated person "files" a notice of appeal when he or she deposits it with prison authorities

> Counsel has been constitutionally deficient by failing to appeal
> upon my instructions.
> This attourney's [sic[ deficient performance cost me an appeal that
> I would have otherwise pursued.
> Ultimately I was prejudiced by this conduct.

(ECF No. 91, PageID 343.)

The United States asserts the Motion to Vacate is barred by the relevant statute of limitations. Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), a motion to vacate under 28 U.S.C. § 2255 must be filed within one year of the date on which a conviction becomes final. 28 U.S.C. § 2255(f)(1). In this case the judgment of conviction was entered on June 27, 2018, the last date on which Defendant could have filed a timely notice of appeal. Fed. R. App. P 4(b)(1)(A); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Therefore Defendant's time to file expired June 28, 2019. As noted above, Defendant did not file his Motion to Vacate until September 23, 2019. Defendant has suggested no basis on which that date could be extended. Indeed, Ho was aware of the one-year statute and moved the Court for a sixty to ninety-day extension of time to file (ECF No. 86). Judge Dlott denied that motion for lack of jurisdiction (no pending case or controversy) at a time when Ho still had over a month to file the Motion to Vacate in a timely manner (ECF No. 88).

**Conclusion**

Because Defendant's Motion to Vacate is barred by the statute of limitations, it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court

---

for forwarding to the Clerk. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The same rule applies to filing a petition for writ of habeas corpus or § 2255 motion to avoid the statute of limitations. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 12, 2020.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.